**PAULO ALOFIPO, Plaintiff**

**v.**

**MOANANU VA, Defendant**

High Court of American Samoa
Trial Division

CA No. 32-91

May 21, 1992

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima
For Defendant, Gata E. Gurr

On Motions for Reconsideration or New Trial:

Both plaintiff and defendant have moved for reconsideration of the judgment entered March 25, 1992, or alternatively for a new trial.

Defendant's motion, claiming insufficient evidence to support the decision and the damages, is denied.

Plaintiff's motion, claiming that defendant's failure to plead contributory negligence resulted in a waiver of that affirmative defense, is also denied.

Under Federal Rules of Civil Procedure (F.R.C.P.) 8 and 15, a court must treat issues that the parties have impliedly or expressly consented to try as having actually been raised in the pleadings, and thus as not waived by the failure to plead. *See* C. Wright & A. Miller, *Federal Practice and Procedure* § 1278, at 494-98. F.R.C.P. 15(b) requires that the pleadings be treated as if they had actually raised the issue if an unpleaded defense is introduced at trial without objection--in other words, if the parties impliedly consented to the amendment. In the absence of such consent, F.R.C.P. 15(b) also gives the Court discretion to permit the amendment of pleadings over objection to conform to the evidence at trial. This discretion should be used to consider whether the merits will be served by the amendment and whether the opposing party will be prejudiced by the amendment.

The above federal provisions are nearly identical counterparts to our local rules, T.C.R.C.P. 8 and 15(b). Thus, based on A.S.C.A. § 43.0201, which establishes that High Court procedure "shall conform, as closely as practicable, to the practice provided for in the Federal Rules of Civil Procedure," we accept this interpretation for our own rules, as well.

Contributory negligence was actually litigated by the implied or even express consent of the parties in this case. Additionally, it was discussed at the pretrial conference, so plaintiff suffered no prejudice through the sudden assertion of the defense and had ample opportunity to meet the defense. Thus, under both the mandatory and discretionary provisions of Rule 15(b), the issue of contributory negligence was properly before the Court.

Both motions are DENIED.

It is so ordered.